ALFONSO COLETTA, APPELLANT, v. CARL E. ACKERMAN, JUSTICE OF THE PEACE, AND EDWARD P. LARNED, RESPONDENTS.

Argued March 9, 1922—Decided March 9, 1922.

On appeal from the Supreme Court.

For the appellant, *Jacob Mantel.*

For the respondents, *Herbert Clark Gilson.*

PER CURIAM.

The appellant was a tenant under a lease of certain premises owned by the respondent Larned. The lease expired and appellant held over. Upon a proper affidavit filed with the defendant Ackerman, justice of the peace, the usual summons in landlord and tenant proceedings was issued under the justice's hand and seal. This summons was tested as of October 2d, and was returnable October 8th, 1921. As a fact, October 2d was Sunday, and, as a further fact, the summons was drawn and issued on Monday, October 3d, 1921, being inadvertently dated Sunday. This is not disputed. On the return day Coletta, the defendant in the landlord and tenant proceedings, appeared specially and moved to strike out the summons on the ground that it was tested and issued on Sunday and was therefore void. The justice stated that the summons was issued by him on October 3d, Monday, and that by mistake he dated it on Sunday. Plaintiff's counsel moved to amend the summons by changing the date from October 2d to October 3d, 1921. The motion to strike out the summons was denied and the motion to amend it was granted, and the summons was amended accordingly.

At the conclusion of these proceedings the defendant and his attorney left the justice's court and the plaintiff pro-

ceeded to prove his case *ex parte* and was awarded a judgment of removal. Coletta, the appellant, made an affidavit that the justice issued the summons on October 2d, 1921 (Sunday), and obtained a writ of *certiorari* from the Supreme Court to review the proceedings and judgment of the justice. The respondents, Ackerman and Larned, moved to dismiss the *certiorari* because the affidavit upon which it was granted failed to disclose that the summons in the action was inadvertently dated October 2d, while in fact it was drawn and issued on October 3d, 1921, and for this reason the writ was dismissed by the Supreme Court. The landlord and tenant proceedings were entitled "The Small Cause Court, before C. E. Ackerman, Esq., justice of the peace."

The prosecutor appeals for the following reasons: Because the Supreme Court erred in giving judgment for the respondents, (a) because the small cause court had no jurisdiction to hear and determine the cause, the summons being issued on Sunday; (b) because the small cause court had no authority or power to amend the *teste* of the summons, and (c) because the small cause court has no jurisdiction to try a landlord and tenant case, but only a justice of the peace has such jurisdiction.

We think the judgment of the Supreme Court should be affirmed. That tribunal did not review the judgment of the justice, but dismissed the *certiorari* because the affidavit upon which it was granted failed to disclose the fact that the summons was drawn and issued on Monday, and appeal was taken from the order of dismissal. The only question therefore before us is as to the propriety of the dismissal of the *certiorari* for the reason just mentioned, which is recited in the order, and that question we think was rightly decided by the Supreme Court. This not being an appeal from a judgment of the Supreme Court reviewing the judgment of the justice, the other grounds of appeal are not available to the appellant.

The judgment of the Supreme Court will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ.  13.

*For reversal*—None.